**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3268-17T2

MICHAEL DOLAN,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

Submitted March 26, 2019 – Decided April 9, 2019

Before Judges Gilson and Natali.

On appeal from the New Jersey Department of Corrections.

Michael Dolan, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Tasha M. Bradt, Deputy Attorney General, on the brief).

PER CURIAM

Michael Dolan, a Southern State Correctional Facility inmate, appeals from a February 13, 2018 final administrative decision issued by respondent, New Jersey Department of Corrections (DOC). The DOC upheld a disciplinary officer's decision finding Dolan guilty of prohibited act .204A, use by an inmate who is assigned to a residential community program of a prohibited substance not prescribed by medical or dental staff, contrary to N.J.A.C. 10A:4-4.1. We affirm.

I.

On February 2, 2018, Dolan was a resident of Kintock halfway house (Kintock) when he was ordered to submit to a urine screen. After the on-site screening tested positive for opiates and buprenorphine,[1] the sample was sent to a DOC laboratory. The DOC lab confirmed the positive test result for both prohibited substances.

---

[1] Buprenorphine is a Schedule III narcotic. 21 C.F.R. § 1308.13(e)(2)(i)(2017); see N.J.A.C. 13:45H-10.1. It is "an opioid analog prescribed by physicians to treat the physical symptoms of opioid withdrawal." N.J. Div. of Child Prot. & Permanency v. K.M., 444 N.J. Super. 325, 328 (App. Div. 2016).

A-3268-17T2

As a result, on February 12, 2018, Dolan was charged with disciplinary infraction .204A[2] and served with a disciplinary report at 11:48 a.m. that day. Less than twenty-four hours later, the DOC conducted a disciplinary hearing, which concluded at 9:30 a.m. on February 13, 2018.[3] Dolan, who appeared at the hearing with a counsel substitute, pled not guilty.[4] At the hearing, Dolan denied the charges and contended he gave a second urine sample three hours after his first test at Kintock, and the results of that test did not reveal the presence of any banned substances. He was offered, but declined the opportunity to call or confront any witnesses.

---

[2] Defendant incorrectly claims he was charged with an "asterisk offense." An asterisk offense is "considered the most serious and result[s] in the most severe sanctions." N.J.A.C. 10A:4-4.1(a); N.J.A.C. 10A:4-5.1(a). When charged with an asterisk offense, an inmate "shall be afforded the right to request representation by a counsel substitute." N.J.A.C. 10A:4-9.12(a). For other offenses, such as the .204A charge at issue, an inmate may elect to receive the services of a counsel substitute if the inmate is "illiterate or cannot adequately collect and present the evidence in his or her own behalf." N.J.A.C. 10A:4-9.12(b).

[3] In the February 12, 2018 incident report, the DOC incorrectly stated that Dolan provided his February 2, 2018 urine sample on February 5, 2018. Dolan does not dispute, however, that he provided a random urine sample at Kintock on February 2, 2018.

[4] The DOC failed to obtain Dolan's signature on the Adjudication of Disciplinary Charge form to indicate Dolan's waiver of his right to receive twenty-four hours' notice of the proceeding.

A-3268-17T2

On the basis of the positive test results, the hearing officer found Dolan guilty of prohibited act .204A, and sanctioned him to ninety days administrative segregation, and sixty days loss of recreation privileges. Dolan filed an administrative appeal in which he again contended that he provided a second urine sample shortly after the positive Kintock test result that was negative for any controlled dangerous substance. In his Appeal of Disciplinary Decision form, Dolan requested leniency, but did not claim that the DOC "violated any standards," or that the hearing officer "misinterpreted the facts."

The assistant superintendent affirmed the hearing officer's decision later that day and explained that the "evidence . . . supports the charge and sanctions, and cannot be disputed." The assistant superintendent characterized Dolan's claim of a second negative urine screen as "without merit and a fabrication." The assistant superintendent reduced his administrative segregation sanction from ninety to sixty days.

On appeal, Dolan claims the DOC's findings of guilt were not supported by substantial credible evidence in the record. In addition, he maintains that the DOC violated his due process rights by: 1) denying him a "reasonable time to prepare his defense" by holding a hearing on the same day he was served with

4

the disciplinary charge; and 2) assigning a counsel substitute who ineffectively represented him before the hearing officer and in his administrative appeal.

## II.

Our role in reviewing the decision of an administrative agency is limited. Circus Liquors, Inc. v. Governing Body of Middletown Twp., 199 N.J. 1, 9 (2009); In re Taylor, 158 N.J. 644, 656 (1999). We will not disturb the agency's determination absent a showing it was arbitrary, capricious, or unreasonable; that is: 1) "the agency's action violates express or implied legislative policies;" 2) "the record [does not] contain[] substantial evidence to support the findings on which the agency based its action;" or 3) "in applying the legislative policies to the facts, the agency clearly erred in reaching a conclusion that could not reasonably have been made on a showing of the relevant factors." Circus Liquors, 199 N.J. at 10 (quoting Mazza v. Bd. of Trs., 143 N.J. 22, 25 (1995)).

Further, decisions of administrative agencies carry with them a presumption of reasonableness. Newark v. Nat. Res. Council in Dep't of Envtl. Prot., 82 N.J. 530, 539 (1980). An appellate court may not reverse an agency's determination "even if [the] court may have reached a different result had it been the initial decision maker . . . ." Circus Liquors, 199 N.J. at 10. Stated

differently, a court "may not simply 'substitute its own judgment for the agency's.'" Ibid. (quoting In re Carter, 191 N.J. 474, 483 (2007)).

III.

We disagree with Dolan's claim that the DOC's decision was unsupported by substantial credible evidence in the record. "A finding of guilt at a disciplinary hearing shall be based upon substantial evidence that the inmate has committed a prohibited act." N.J.A.C. 10A:4-9.15(a). "Substantial evidence" is "such evidence as a reasonable mind might accept as adequate to support a conclusion." Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 192 (App. Div. 2010) (quoting In re Pub. Serv. Elec. & Gas Co., 35 N.J. 358, 376 (1961)). In other words, it is "evidence furnishing a reasonable basis for the agency's action." Ibid. (quoting McGowan v. N.J. State Parole Bd., 347 N.J. Super. 544, 562 (App. Div. 2002)). "Where there is substantial evidence in the record to support more than one regulatory conclusion, 'it is the agency's choice which governs.'" In re Vineland Chem. Co., 243 N.J. Super. 285, 307 (App. Div. 1990) (quoting De Vitis v. N.J. Racing Comm'n, 202 N.J. Super. 484, 491 (App. Div. 1985)).

Dolan's random urine screen taken at Kintock tested positive for opiates and buprenorphine, and there was no evidence presented that he was prescribed

6

these drugs by "medical or dental staff." See N.J.A.C. 10A:4-4.1. Dolan now challenges the Kintock test results by pointing out that on the Continuity of Evidence form, the DOC initially checked a box noting that the results were negative. As the form clearly indicates, however, that notation was crossed out, and the box marked positive was checked with an accompanying handwritten notation that Dolan's urine tested positive for "OPI and BUP." Dolan also signed the form noting that the specimen was closed, sealed, and labeled in his presence. Moreover, the results from the DOC laboratory, which Dolan does not directly challenge, confirmed the Kintock test results.

In addition, Dolan failed to call any witnesses to support his claim that he provided a negative urine sample shortly after the random screen at Kintock. After considering the evidence presented before the hearing officer, the assistant superintendent characterized this claim as a "fabrication" and concluded the "charge and sanctions . . . cannot be disputed." Because the DOC's findings were supported by substantial credible evidence, its determination that Dolan committed prohibited act .204A was not arbitrary, capricious, or unreasonable.

IV.

We also reject Dolan's due process arguments. Procedurally, because Dolan failed to raise these arguments in his administrative appeal, they are not

7

properly before us. We generally decline to consider questions or issues not presented below when an opportunity for such a presentation is available, unless the questions raised on appeal concern jurisdiction or matters of great public interest. Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973). Dolan's contentions do not satisfy the Nieder exceptions.

For purposes of completeness, however, we consider Dolan's claims and determine they are also substantively without merit. With respect to his first due process argument, Dolan maintains he was not given twenty-four hours to prepare for the hearing after being served with the disciplinary report, as required by N.J.A.C. 10A:4-9.2. More specifically, Dolan claims he was not afforded a reasonable period of time to speak with his counsel substitute, and was not provided copies of the laboratory reports.

It is undisputed that Dolan was not provided twenty-four hours' notice of his disciplinary hearing. We also acknowledge that Dolan did not sign that portion of the Adjudication of Disciplinary Charge form indicating that he agreed to waive his right to have twenty-four hours' notice before the hearing commenced. We nevertheless reject Dolan's due process claim because any error attendant to the DOC's failure to provide Dolan with twenty-four hours' notice of the hearing was harmless. See Jacobs v. Stephens, 139 N.J. 212 (1995).

In Jacobs, our Supreme Court reviewed a violation of N.J.A.C. 10A:4-9.2 where the hearing was conducted "twenty-two-and-one-half hours after receipt of written notice" of the disciplinary charges. Id. at 217. While acknowledging that "[d]eviation from the twenty-four-hour rule . . . should be permitted only in extreme circumstances," id. at 218, the Court concluded that because there was "overwhelming evidence" supporting the hearing officer's determination, "the DOC's error in commencing Jacobs' disciplinary hearing one-and-one-half hours before the required twenty-four hours was harmless and did not prejudice him." Id. at 219.

The Jacobs court also articulated a two-step approach for the application of the harmless error rule. First, a court should "review . . . the regulations to insure the protection of an inmate's fundamental due process rights." Ibid. Second, after determining that the minimal requirements of due process have been met, the court must consider if defendant has been prejudiced. Ibid.

We conclude that the DOC's violation of N.J.A.C. 10A:4-9.2 by commencing Dolan's hearing approximately twenty-one-and-one-half hours after serving him with the charges was harmless error. At the hearing, Dolan did not seek to call any witnesses to support his claim that he tested negative for controlled dangerous substances after his urine test at Kintock. Nor did he seek

to call any witnesses or introduce any evidence to challenge the Continuity of Evidence form. Further, in the Adjudication of Disciplinary Charge form, Dolan's counsel substitute confirmed that the DOC introduced the lab reports into evidence. We find nothing in the record that would permit us conclude that the DOC's commencement of the hearing two-and-one-half hours early prejudiced Dolan, or had any impact on his ability to meet the evidence against him or present evidence in his own defense, particularly in light of the positive urine screen from Kintock, which provided overwhelming evidence to support the .204A charge.

Finally, in his reply brief, Dolan alleges that his counsel substitute was ineffective because he "never argued any of the issues that should have been raised," relating to Dolan's negative urine screen and discrepancies in the Continuity of Evidence form. With respect to the Continuity of Evidence form, Dolan specifically asserts that his counsel substitute should have raised before the hearing officer that "the specimen was received by [the DOC laboratory] . . . three . . . days . . . after the specimen left the [halfway] [h]ouse." We disagree.

We initially note that a prison disciplinary hearing is not a criminal prosecution, and thus, the full spectrum of due process rights due to a criminal

defendant do not apply.  Avant v. Clifford, 67 N.J. 496, 522 (1975).  In this regard, a counsel substitute does not function as an attorney, but rather, facilitates the hearing under the hearing officer's direction, and advises the inmate concerning his due process rights.  See id. at 529; N.J.A.C. 10A:4-9.12(b).

Here, contrary to Dolan's claims, his counsel substitute unquestionably raised the issue of his alleged negative urine screen at the disciplinary hearing and in the administrative appeal.  With respect to Dolan's chain of custody argument, as noted, his only challenge is based on the DOC's failure to explain the delay in transporting his urine sample from Kintock to the DOC laboratory.  Dolan failed to demonstrate how the outcome of his hearing would have differed had his counsel raised this issue.

To the extent we have not addressed any of Dolan's remaining arguments, we deem them without sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3268-17T2